**Setiawan LAKSONO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73956.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Mary Jane Candaux, Esquire, Oil, Kiley L. Kane, Esquire, Trial, Jennifer L. Lightbody, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the District Counsel, Seattle, WA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Setiawan Laksono, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA did not abuse its discretion in denying Laksono's motion to reopen as untimely where Laksono filed the motion two years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of final order of removal), and failed to submit new and material evidence of changed country conditions in Indonesia that would excuse the late filing, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty*, 381 F.3d at 945 (requiring circumstances to have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution). Moreover, Laksono has not shown a due process violation. *See Lata v. INS*, 204

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

### PETITION FOR REVIEW DENIED.